
AO 106 (Rev. 04/10) Application for a Search Warrant

FEB 20 2020

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
The residence located at 1521 Kenro Drive, Knoxville, Tennessee 37915 (The property is depicted in Attachment A.)

Case No. 3:20-MJ-2042

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
The residence located at 1521 Kenro Drive, Knoxville, Tennessee 37915 (The property is depicted in Attachment A.)

located in the Eastern District of Tennessee, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) | Conspiracy to distribute methamphetamine and marijuana |

The application is based on these facts:

See Affidavit of FBI Task Force Officer Brandon A. Glover which is attached hereto and fully incorporated herein.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: ___________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Brandon A. Glover
*Applicant's signature*

Brandon A. Glover, FBI Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/06/2020

Bruce Guyton
*Judge's signature*

City and state: Knoxville, TN

H. Bruce Guyton, United States Magistrate Judge
*Printed name and title*

CASE NO. 3:20-MJ-2042

**AFFIDAVIT**

FILED

**Introduction**

FEB 20 2020
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

I, Brandon A. Glover, being duly sworn, state the following information to be true to the best of my knowledge, information, and belief:

1. I am a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) and have been so employed since March 2015. My primary duties and responsibilities involve the investigation of violations of federal law including the Controlled Substances Act as found in Title 21 of the United States Code. I am currently assigned to the Knoxville Field Office of the FBI and am assigned to the Safe Streets Task Force (SSTF). I am a sworn police officer for the City of Knoxville, Tennessee, and have been so employed since October 18, 2004. I am currently an Investigator with the Knoxville Police Department's (KPD) Organized Crime Unit (OCU) and have served in this capacity since approximately 2012. During my tenure as a FBI Task Force Officer and KPD Police Officer and Investigator, I have investigated numerous crimes including, but not limited to, illegal narcotics trafficking, prescription drug fraud and forgery, gangs and organized crime, money laundering, burglary, kidnapping, fugitive violations, and weapons violations. Also, throughout my tenure as a law enforcement officer, I have attended multiple training opportunities on topics such as interviewing and interrogation, narcotics identification and detection, lawful interception of communications, gang investigations, violent crime investigations, and identification of armed persons (this list is non-exhaustive, as the amount of training I have received both in the field and in a classroom setting is extensive). I am an "Investigative or Law Enforcement Officer" within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is

empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code. As a result of this training, prior experience, and by working with other municipal, state, and federal agents, I have become familiar with the methods, operations, and schemes commonly employed by individuals involved in the violation of narcotics statutes. I have investigated many violations of state and federal narcotics statutes in the Eastern District of Tennessee and elsewhere, and, as a result, I have been successful in arresting and convicting numerous individuals associated with narcotics distribution. I have been involved in the execution of numerous search warrants dealing with the detection and investigation of state and federal narcotics violations. I have participated in several federal Title III wiretap investigations and prosecutions. As a result of all of these investigations and prosecutions, I have become aware of methods and techniques utilized by individuals within the Eastern District of Tennessee and elsewhere to sell and distribute various controlled substances, and with codes, slang terms, and other terminology used to refer to controlled substances by narcotics traffickers within the Eastern District of Tennessee and elsewhere.

2. Except as noted herein, all of the information contained in this Affidavit is either known to me personally or has been told to me by other law enforcement officers, either directly or through investigative reports by other officers.

3. On February 6, 2020, FBI agents were executing an arrest warrant for methamphetamine and marijuana conspiracy charges for Dana Littlejohn, Jr. at his residence located at 1521 Kenro Drive, Knoxville, Tennessee 37915. Agents are aware that Dana Littlejohn, Jr. is a previously convicted felon and not authorized to legally possess firearms. Agents entered the residence on the basement level where Littlejohn, Jr. resides, and immediately noticed a vacuum-sealed "brick" containing a white substance on the television

console. Agents recognized this "brick" as a suspected controlled substance. In a bedroom located on the basement level of the residence, agents noticed a Glock firearm on the dresser, as well a video surveillance system, which was recording activity outside of the residence. In the bathroom, agents noticed "shards" of a white substance on the floor and two empty plastic bags next to the toilet. These plastic bags were physically similar to the vacuum-sealed bag, which contained the "brick" of the white substance.

4. A photograph of the residence and the items to be searched are described in Attachments A and Attachment B. As set forth above, there is probable cause to believe there exists evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A).

5. Based on the forgoing, I request that the Court issue the proposed search warrant. Additionally, I request that the court allow law enforcement officers to execute this search warrant on the residence and outbuildings located at 1521 Kenro Drive, Knoxville, Tennessee 37915, for the seizure of evidence.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this 6 day of February, 2020, in Knoxville, Tennessee

Brandon A. Glover
Task Force Officer
Federal Bureau of Investigation

Sworn to and signed before me on 2-6-2020.
Knoxville, TN

BRUCE GUYTON
U.S. Magistrate Judge

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

Federal Bureau of Investigation

Sworn to and signed before me on 2-6-2020. Knoxville, TN

Bruce Guyton
[signature]
U.S. Magistrate Judge

**ATTACHMENT A**
**Property to Be Searched**

This warrant applies to the residence located at 1521 Kenro Drive, Knoxville, Tennessee 37915, and the outbuilding associated with the residence.





## ATTACHMENT B

1. United States Currency;

2. Controlled substances, cutting agents, and drug paraphernalia including packaging material, scales, and items used to weigh, package, measure, and distribute controlled substances;

3. Documents reflecting the purchase or sale of controlled substances, including drug records, drug ledgers, account books, notes, names or code names and nicknames, or identifying information reflecting customers, amounts of drugs bought and sold, and amounts of money paid, owed or collected;

4. Firearms, ammunition or other weapons used to protect drugs or proceeds of illegal drug sales, or purchased with proceeds from illegal drug sales;

5. Financial records reflecting illicitly obtained monies and/or other forms of assets acquired through the sales, trafficking, or distribution of controlled substances which include federal and state tax returns, employment papers, banking records and pass books, account information, canceled checks, deposit records, income and expenditures records, property acquisition records, money market accounts and/or similar accounts, records of stocks and/or bonds purchased or exchanged; credit card records, records reflecting the rental of safe deposit boxes; safe deposit box keys; records reflecting vehicles owned, purchased, sold or leased; and negotiable instruments, and any and all items commonly traded for controlled substances consisting in part of, and including jewelry, precious stones and metals, televisions and electronic equipment;

6. Any and all documents referring or relating to the purchase or sale of real estate properties, including but not limited to purchase or sale agreements or offers; applications for property loans; property loan documents; escrow documents and payment coupons, books, or receipts; property tax documents; canceled checks or cashier check copies or receipts reflecting payment of loans or property tax bills;

7. Articles of personal property and documents tending to show payment, receipt, concealment, transfer, disposition of or movement of money, including bank account records; bank statements; safe deposit box keys or records; money containers; financial records or notes; ledge books; stock certificates; certificates of deposit, bonds or other financial instruments; precious metals; or any wire transfer records, negotiated or unnegotiated checks, check stubs or receipts, traveler's checks, money orders, cashier's checks;

8. Money counting machines, money wrappers, and work sheets, tally-sheets and ledger sheets reflecting or account for monies and/or controlled substances received, disbursed or exchanged, and to include monies obtained from the sale and/or trafficking of controlled substances;

9. Records of off-site locations to store records, including safe deposit box keys, records and receipts and rental agreements for storage facilities;

10. Records regarding notes payable and receivable, IOU's and evidence of debts owed;

11. Cellular telephones, including incoming and outgoing telephone numbers, address books, and voice mails contained therein, any telephone answering device or machine and any recording tapes located therein;

12. Records, items and documents reflecting travel including passports, airline tickets, vehicle rental receipts, credit card receipts, and restaurant receipts, canceled checks, maps and records of long distances calls reflecting domestic and foreign travel;

13. Personal telephone books, address books, telephone bills, photographs, letters, cables, telegrams, facsimiles, personal notes and documents, telephone bills and records, and other items which reflect names, addresses, telephone numbers, and communications of the drug trafficking organization;

14. Indicia of occupancy, residence or ownership of the premises and things described in the warrant including utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease of rental agreements, addressed envelopes, escrow documents;

15. The above described items may be stored on magnetic or electronic storage devices including hard drives, diskettes, Compacts Disks (CDs), tapes, USB (Universal Serial Bus) storage media, Thumb Drives, other solid state types of storage media or any other media capable of storing information in a form to be read by a computer. These records include media maintained as archive or backup copies. These items will be searched on site.

16. As used above, the terms records, documents, programs, applications or materials includes records, documents, programs, applications or materials created, modified or stored in any form.